UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICKELL B. BALONZE | : | |
| | : | |
| V. | : | NO. 3:02CV02247 (JCH) |
| | : | |
| TOWN FAIR TIRE CENTERS, INC., | : | MARCH 30, 2004 |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL

#### I. Introduction and Procedural Background

On April 1, 2003, defendant served Defendant's First Set of Requests for Production to Plaintiff on plaintiff. Request No. 3 sought production of "[a]ll documents concerning your employment or self-employment from the time you were hired by Town Fair Tire to the present." The term "[d]ocument" was defined at the beginning of the requests for production as including, in relevant part, "any written, **recorded, taped,** graphic or other information whether produced, reproduced or stored on paper, cards, **tapes,** disks, belts, charts, films, computer storage devices or any other medium. . ." Affidavit of Sarah W. Poston ("Poston Aff."), Exh. 1 (emphasis added). Request No. 14 sought production of: "a]ll communications you have received from any current or former employee of Town Fair Tire since May 1, 1999." *Id.*

On June 24, 2003, plaintiff asserted in a signed letter that she had produced all documents requested. Poston Aff., Exh. 2. She reasserted her full compliance with defendant's requests in Plaintiff's Third Response to Defendant's Request for Answers to Interrogatories and Production of Documents, attached to a July 24, 2003 letter to the Court. Poston Aff., Exh. 3.

Notwithstanding these assertions, plaintiff's testimony at her deposition on December 2, 2003 revealed the existence of audiotapes responsive to defendant's discovery requests that had not been disclosed. In particular, plaintiff testified that, prior to August 1, 2001, she had gained access to Town Fair Tire's offices after hours to collect "personal items." Deposition of Mickell Balonze ("Balonze Dep.") at 187:20 – 190:4 (Poston Aff., Exh. 4). When ordered by the Court after the deposition to identify the personal items she had taken, plaintiff included in the list "cassettes." Poston Aff., Exhs. 5, 6.

Plaintiff further testified in her deposition that she had been bringing a tape recorder to work daily or almost daily since May of 1999. She acknowledged that there may be audiotapes created on the tape recorder of events at Town Fair Tire, testifying that she "would have to listen to the tapes to be sure of" whether any of them were created at Town Fair Tire. Balonze Dep. at 198:12:19.

Both at plaintiff's deposition, and again in a written request dated December 19, 2003, plaintiff was requested to produce any and all of the tapes she had identified. Balonze Dep. at 198:22-25; Poston Aff., Exh. 7. Plaintiff's response to this request, conveyed in Plaintiff's Supplemental Response to Defendant's Additional Request for Production, delivered to defendant's counsel January 23, 2004, was that she was not required to disclose the tapes "provided. . . [they] are intended to be used **solely for impeachment**." In support of this contention, plaintiff cited Fed.R.Civ.P. 26(a)(1)(B). Poston Aff., Exh. 8 (emphasis added).

Defendant's counsel left a voicemail message for plaintiff early in March

requesting a return call to discuss plaintiff's objection. Having received no response, defendant's counsel again attempted to contact plaintiff and, on March 26, 2004, discussed this objection in detail in an effort to resolve this dispute. Plaintiff insisted that because she purportedly does not intend to offer the cassettes as evidence, they need not be produced in discovery. Counsel pointed out the language of Rule 26(b)(1) to no avail. Plaintiff stated that her only intended purpose for the cassettes was to use them to show that defendant's witnesses "are lying." She asked to which claims or defenses defendant claims the tapes are relevant, and while counsel, without knowing the contents of the tapes, could not respond to that question, she did provide several examples of potentially relevant – and therefore discoverable – information that could be on the tapes, e.g. information concerning plaintiff's relationship with her supervisor, whom she has claimed harassed her "almost daily" during the period between May 1999 and July 2001, Balonze Dep. at 212:16-213:18 and/or information concerning the degree to which plaintiff was required to perform computer key punching following her 1999 injury. Plaintiff continued to assert that the tapes would be used only to show that statements by defendant's witnesses were untrue and, on that basis, she continued to refuse to produce them. Plaintiff presented no other basis for refusing to produce the tapes.

## II.  Argument

As the Court of Appeals for the Second Circuit has recently reiterated, "discovery rules are to be accorded a broad and liberal treatment [ ] to effectuate their purpose that civil trials in the federal courts no longer need be carried on in

the dark." *Ratliff v. Davis Polk & Wardwell*, 354 F.3d 165, 170 (2d Cir. 2003)(internal quotation omitted). Accordingly, Federal Rule of Civil Procedure 26(b)(1) establishes a wide range of permissible discovery. It states, in relevant part, that:

> [p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

The tapes that are the subject of defendant's request to plaintiff clearly fall within the scope of Rule 26(b)(1). They were created at Town Fair Tire and/or contain a recording of the voice or image of a Town Fair Tire employee and/or relate to plaintiff's employment at Town Fair Tire. The request includes tapes made by plaintiff on a recorder brought to work daily during the precise time period to which this dispute relates. It includes tapes taken by plaintiff from Town Fair Tire after hours and after the office had been locked. As such, some or all of the information on the tapes is highly likely to be relevant to a claim or defense of one of the parties to this action. By way of example, and without limiting the scope of defendant's request, to the extent the cassettes contain any information concerning communications between plaintiff and her supervisor, they are likely to be relevant to plaintiff's claim of daily harassment over a period of two years by that supervisor. To the extent they contain information concerning the degree to which plaintiff was required to perform computer key

punching as part of her job, they are almost certain to be relevant to plaintiff's apparent claim that defendant violated the Americans With Disabilities Act by assigning her work that was outside the work restrictions imposed by her physician, and to defendant's defense that, assuming, without conceding, that the Americans With Disabilities Act obligated it to make reasonable accommodations for plaintiff's finger condition, it met and exceeded those obligations.  For these reasons, plaintiff's reliance on Fed.R.Civ.P. 26(a)(1)(B), which defines only the scope of the initial disclosures required by Rule 26, as the basis for her refusal to produce the cassettes identified above is inapposite.

Even in the unlikely event that the cassettes at issue are not "relevant to the claim or defense of any party," they clearly "appear[ ] reasonably calculated to lead to the discovery of admissible evidence," and as such are discoverable pursuant to Fed.R.Civ.P. 26(b)(1).

Notwithstanding these circumstances, which defendant's counsel discussed in detail with the plaintiff in a good faith attempt to resolve this dispute short of filing this motion, in compliance with L.Civ.R. 37, plaintiff has continued to refuse to produce the tapes.  She has told defendant's counsel that she will not offer the tapes as evidence on her own behalf, but that they would be used "to show that the defendant is lying."  Poston Aff. at ¶ 10.  There can be no question that plaintiff's use of the tapes in this way  at trial without having produced them in discovery would be contrary to the broad disclosure requirements of Rule 26 and highly prejudicial.

### III.  Conclusion

For these reasons, defendant hereby requests an order compelling the immediate production of any and all audio and/or video cassettes created at Town Fair Tire and/or containing a recording of the voice or image of any Town Fair Tire employee and/or relating in any way to her employment at Town Fair Tire, including, but not limited to, those cassettes removed from plaintiff's office at Town Fair Tire on an evening in or about July 2001 after the Town Fair Tire offices had been closed and locked; or, in the alternative, an order barring plaintiff from making any mention, use or offer of any such cassettes at trial as evidence, impeachment material or otherwise.

Respectfully submitted,

_____
Jonathan B. Orleans (ct05440)
Sarah W. Poston (ct19702)

    Zeldes, Needle & Cooper, P.C.
    1000 Lafayette Blvd., Suite 500
    Bridgeport, CT  06604
    Tel. (203) 333-9441
    Fax: (203) 333-1489
    e-mail: jorleans@znclaw.com

Attorney for Defendant Town Fair Tire Centers, Inc.