UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICKELL B. BALONZE | : | |
| | : | |
| V. | : | NO. 3:02CV02247 (JCH) |
| | : | |
| TOWN FAIR TIRE CENTERS, INC., | : | MARCH 30, 2004 |

## **AFFIDAVIT OF SARAH W. POSTON**

Sarah W. Poston, being duly sworn, hereby deposes and says:

1. I am over the age of 18 years and understand the obligation of an oath.

2. I am counsel to the defendant Town Fair Tire Centers, Inc. in this action.

3. I make this affidavit in support of Defendant's Motion to Compel dated March 30, 2004.

4. On April 1, 2003, Defendant's First Set of Requests for Production to Plaintiff ("Requests for Production") was served on plaintiff. A copy of these requests is attached hereto as Exhibit 1.

5. By letter of June 24, 2003, plaintiff stated that she had produced all documents requested in defendant's Requests for Production. She re-stated in Plaintiff's Third Response to Defendant's Request for Answers to Interrogatories and Production of Documents, dated July 24, 2003 and attached to a letter of the same date to this Court, that "**all documents in Plaintiffs** *(sic)* **possession or**

**control that are responsive to the Defendants requests have been disclosed."** (emphasis in original). A copy of plaintiff's June 24, 2003 letter is attached hereto as Exhibit 2. Her discovery responses dated July 24, 2003 are attached hereto as Exhibit 3.

6. On December 2, 2003, I took the plaintiff's deposition. Excerpts from the transcript, signed by plaintiff, are attached hereto as Exhibit 4.

7. In the course of the deposition, plaintiff testified that she had brought a tape recorder to work daily or almost daily at Town Fair Tire during the period May 1999 to June 2001. When asked whether any tapes had been created on the recorder at Town Fair Tire, plaintiff acknowledged she "would have to listen to the tapes to be sure of" whether any of them were created at Town Fair Tire. Deposition of Mickell Balonze ("Balonze Dep.") at 198:12-19. Plaintiff further testified that she had removed certain "personal items" from her office at Town Fair Tire by entering the office after hours one evening in the period preceding the termination of her employment there. Balonze Dep. at 187:20 – 190:4. When plaintiff was ordered following the deposition to identify the "personal items" she had removed from the Town Fair Tire offices, she included "cassettes" in her list. The Court's order of December 5, 2003 requiring plaintiff to answer the question is attached hereto as Exhibit 5. Plaintiff's letter dated December 8, 2003 setting forth her list of "personal items" is attached hereto as Exhibit 6.

2

8. In a written request dated December 19, 2003, I requested that plaintiff produce any and all of the tapes she had identified. A copy of my letter to plaintiff of December 19, 2003 is attached hereto as Exhibit 7.

9. In response to this request, plaintiff delivered Plaintiff's Supplemental Response to Defendant's Additional Request for Production to me on January 23, 2004. She objected to the request for her cassettes on the basis that they were intended "solely for impeachment," and she cited Fed.R.Civ.P. 26(a)(1)(B) in support of her objection. Plaintiff failed to produce any cassettes in response to this request. A copy of plaintiff's objection is attached hereto as Exhibit 8.

10. In early March, 2003, I left a voicemail message for plaintiff requesting a return call to discuss her objection to producing the cassettes she had identified. I received no response to the voicemail. I again contacted plaintiff and, on March 26, 2004, discussed this objection in detail in an effort to resolve this dispute. Plaintiff insisted that because *she* does not intend to offer the cassettes as evidence, they need not be produced in discovery. I read the language of Rule 26(b)(1) to plaintiff concerning the scope of discovery generally, and pointed out that Rule 26(a) applies only to the initial disclosure requirement. Plaintiff again stated that her only intended purpose for the cassettes was to use them to show that defendant's witnesses "are lying." Plaintiff asked to which claims or defenses defendant claims the tapes are relevant, and while I, without

3

knowing the contents of the tapes, could not answer that question, I did provide several examples of potentially relevant – and therefore discoverable – information that could be on the tapes, e.g. information concerning plaintiff's relationship with her supervisor, whom she has claimed harassed her "almost daily" during the period between May 1999 and July 2001, Balonze Dep. at 212:16-213:18, and/or information concerning the degree to which plaintiff was required to perform computer key punching following her 1999 injury.  Plaintiff continued to assert that the tapes would be used only to show that statements by defendant's witnesses were untrue and, on that basis, she continued to refuse to produce them.

11.   When I asked plaintiff during our March 26, 2004 conversation whether she would consent to an extension of the discovery deadline to allow defendant to present this issue to the Court, she refused to consent.


Date: _____          _____
                                  Sarah W. Poston


    Appeared before me, Sarah W. Poston, who swore to the truth of the foregoing.

Date _____          _____
                                  Commissioner of the Superior
                                  Court

4