UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICKELL B. BALONZE

V.                                                              NO. 3:02CV02247 (JCH)

TOWN FAIR TIRE CENTERS, INC.,

June 21, 2004

### PLAINTIFF'S OBJECTION TO DEFENDANTS MOTION FOR SUMMARY JUDGEMENT.

The Plaintiff, Mickell Balonze hereby states her objection to the Defendants Motion for Summary Judgement and requests that the Defendants Motion be denied. The Defendant is not entitled to judgement as a matter of law because:

1. The Plaintiff is disabled within the meaning of the Americans With Disabilities Act.
2. The Plaintiff was "otherwise qualified" for her position with or without reasonable accommodation.
3. The Plaintiff contends that she was treated less favorably than male employees of Town Fair Tire Inc., in similar circumstances.

1

4. The Plaintiff filed a claim under Connecticut General Statute 31-290a seeking repayment of back wages on the basis that the Defendants had refused to allow the Plaintiff to return to work in a light duty position. Under Connecticut General Statute 31-290a it is considered discriminatory action for an employer to refuse to allow an employee to return to work in a light duty position when such a position is available. The Plaintiffs claim was that the Defendants had a light duty position available, had placed her in that light duty position, and had then withdrawn the position because the she had scheduled medical appointments to receive treatment for a work related injury.

Rather than risk an unfavorable decision by the Workers' Compensation Commission, the Defendants willing and voluntarily offered to settle that claim and pay the Plaintiff the owed back wages and agreed to the stipulation that the Plaintiff was not willing to relinquish her right to due process to proceed with a claim filed with the State of Connecticut Commission on Human Rights and Opportunities under Connecticut General Statute 46a-60(a)(1), 46a-60(a)(4), 46a-60(a)(5), and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e and the Civil Rights Act of 1991{cite for 15 individuals employed} and The Americans With Disabilities Act, 42 U.S.C. 12101 et seq.

In accordance with Connecticut General Statute 46a-100 the Plaintiff appropriately requested a release from the commission in order to bring this action "in the superior court for which the discriminatory practice is alleged to have occurred, or in which the respondent transacts business".

In accordance with Connecticut General Statue 46a-101 the Plaintiff received a release from the commission and in accordance with Connecticut General Statute 46a-102 filed this action in a timely manner as required by the statute seeking allowable relief under Connecticut General Statue 46a-104.

In Support of this motion and in accordance with the D. Conn. L. R. '56, Plaintiff submits herewith the following documents:

i. Local Rule 56(a)2, Statement of Material Facts as to which Plaintiff contends there are genuine questions of fact to be tried.

ii. Local Rule 56(a)2, Statement of Disputed Issues of Fact.

iii. Declaration of Mickell Balonze, with exhibits (filed under seal); and

iv. Plaintiffs Memorandum of Law.

Respectfully submitted,

*[signature]*

Mickell Balonze, Pro Se
601 Longfellow Drive
Branford, CT 06405
(203)-488-1987

## CERTIFICATION

This is to certify that a copy of the foregoing has been hand delivered on this the 21st day of June 2004, to:

>Jonathan B. Orleans
>Zeldes, Needles & Cooper,
>1000 Lafayette Blvd., Suite 500
>Bridgeport, CT 06604

Mickell B. Balonze