UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICKELL B. BALONZE | : | |
| | : | |
| V. | : | NO. 3:02CV02247 (JCH) |
| | : | |
| TOWN FAIR TIRE CENTERS, INC. | : | July 6, 2004 |

**DEFENDANT'S REPLY MEMORANDUM
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Pursuant to D.Conn.L.Civ.R. 7(d), Defendant Town Fair Tire Centers, Inc. submits this Reply Memorandum in Support of Its Motion for Summary Judgment.  The plaintiff has failed to demonstrate the existence of disputed issues of material fact, and Town Fair is therefore entitled to judgment as a matter of law.

**I.     AFFIDAVITS SUBMITTED BY PLAINTIFF SHOULD BE DISREGARDED**

The Second Circuit Court of Appeals has observed that

> an employment discrimination plaintiff faced with a properly supported summary judgment motion must "do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).  See *Distasio [v. Perkin Elmer Corp.]*, 157 F.3d [55] at 61 [(2d Cir. 1998)].   She must come forth with evidence sufficient to allow a reasonable jury to find in her favor.  *See McCarthy v. New York City Technical College,* 202 F.3d 161, 167 (2d Cir.2000).  Moreover, factual allegations that might otherwise defeat a motion for summary judgment will not be permitted to do so when they are made for the first time in the plaintiff's affidavit opposing summary judgment and that affidavit contradicts her own prior deposition testimony.  See  *Bickerstaff v. Vassar College*, 196 F.3d 435, 455 (2d Cir.1999);  *Raskin v. Wyatt Co.,* 125 F.3d 55, 63 (2d Cir.1997).

*Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001). *See also Hayes v. New York City Department of Corrections,* 84 F.3d 614, 619 (2d Cir. 1996)(" a party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony.")

Thus, Ms. Balonze's statements in ¶8 of her Affidavit that she cannot open jars, cannot put on or remove bracelets, cannot floss her teeth or help her daughter with hygiene, and cannot operate a deadbolt lock, should all be disregarded to the extent they contradict or add to her deposition testimony concerning the activities of daily life she cannot perform. *See* Balonze Dep. at 41-46.

The Affidavit of Shauna Hindman should also be disregarded, since it contains nothing but hearsay testimony, in violation of Fed.R.Civ.P. 56(e).

II.   **THE PLAINTIFF WAS NOT DISABLED AT ANY RELEVANT TIME**

Plaintiff claims that she has been disabled ever since her initial injury in May 1999.  At her deposition, she reported that since her recovery from surgery, she has been unable to braid hair, she has been limited in her ability to lift heavy objects (such as bags of groceries) and to open sealed jars, and she cannot make extensive use of a computer keyboard.  Balonze Dep. at 41-46.  These limitations – even if supplemented with the additional restrictions Ms. Balonze has improperly attempted to introduce into the record, *see* Section I above – simply do not rise to the level required to establish a disability within the meaning

2

of the ADA. She has not shown that she is *permanently and substantially* limited in any *major* life activity, i.e., an activity that is of *central* importance to most people's daily lives. See *Toyota Motor Manufacturing, Kentucky, Inc. v. Williams,* 534 U.S. 184, 198 (2002).

The EEOC defines "major life activities" to include such functions as "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. §1630.2(i). The list is illustrative, not exhaustive. *Reeves v. Johnston Controls World Services, Inc.,* 140 F.3d 144, 150 (2d Cir. 1998). The term "substantially limits" refers to "[s]ignificant restrict[ions] as to the condition, manner or duration under which an individual can perform a particular major life activity. . . ." 29 C.F.R. §1630.2(j)(1)(ii).

Notably, Ms. Balonze's asserted inability to perform repetitive manual tasks does not now significantly restrict her ability to work, as the Affidavit of Heidi Meyer, submitted by plaintiff, clearly establishes. Although she could not return to the job she had at Town Fair Tire, she is not substantially limited in the major life activity of working.

Ms. Balonze clearly is inconvenienced in carrying on a variety of daily household tasks. But she fails in her attempt to magnify these relatively minor inconveniences into substantial limitations on activities of central importance to most people. To constitute a disability under the ADA, an "impairment must be significant, and not merely trivial." *Sutton v. United Air Lines, Inc.,* 130 F.3d 893, 898 (10th Cir. 1997) (quoted in *Reeves,* 140 F.3d at 151). Ms. Balonze's impairments do not meet this standard.

### III. IF PLAINTIFF WAS DISABLED, TOWN FAIR REASONABLY ACCOMMODATED HER DISABILITY

The plaintiff admits that from September 1999 until February 2001, her job caused her no problem with her hand.  Plaintiff's Local Rule 56(a)(2) Statement, ¶13.  Plainly her claim of lack of reasonable accommodation cannot arise from any action of Town Fair prior to February 2001, when she received new duties.

She now says, without citation to any admissible evidence, that she objected to the new duties, and that Kathy Tutino disregarded her objections.  Plaintiff's Local Rule 56(a)(2) Statement, ¶15.  In her deposition, she said that she "recall[ed] bringing up an objection because I thought it might be bad," but Ms. Tutino "stated that if it became a problem, that I should let her know and she would deal with it then."  Balonze Dep. at 90:20 – 91:1.  Plaintiff admits that she never complained to Ms. Tutino.  Balonze Dep. at 104:21-24.  She claims that "on a few occasions" she told Andrea DaCorte, her immediate supervisor, that her hand was bothering her.  Plaintiff's Local Rule 56(a)(2) Statement, ¶16.

It was the plaintiff's obligation to initiate the "interactive process" by which a reasonable accommodation – if one were possible without undue hardship to the employer – could have been arranged.  *See* 29 CFR 1630 App. (Section 1630.9).  But she has presented no evidence that she ever asked either Ms. DaCorte or Ms. Tutino for a change in her duties (at least until July, when her doctor restricted her).  Balonze Dep. at 104:9-24 (no request to Tutino); 105:12-108:20 (no request to DaCorte).    Therefore any claim for lack of reasonable accommodation in the February 2001 – July 2001 period must also fail.

4

Ms. Balonze also charges Town Fair with a breach of its reasonable accommodation obligation in August 2001, when the company withdrew its offer of light duty work due to a conflict with Ms. Balonze's physical therapy schedule. Plaintiff's Memorandum of Law at 20-21.  But the duty of reasonable accommodation does not encompass a requirement that an employer *create* a job for a disabled employee.  Town Fair went beyond its ADA obligations in proposing a temporary light duty position for Ms. Balonze, so that she could continue to work on at least a limited basis.

Ms. Balonze's claim that Town Fair violated the Workers Compensation Act in withdrawing the light duty offer (Plaintiff's Memorandum of Law at 21) is a red herring.  Whatever errors Town Fair may or may not have made in interpreting Conn. Gen. Stat. §§ 31-312 (relating to compensation for time lost from work for medical treatment) and 31-313 (requiring an offer of *full-time* light duty work *where such work is available* and until the employee has reached maximum medical improvement), the company's reasonable accommodation obligation under the ADA remained the same:  to modify Ms. Balonze's existing job duties so that she could perform its essential functions, or to reassign her to an existing vacant position she was capable of performing.  *See generally* 29 C.F.R. 1630 App.  There is no dispute that keyboarding was an essential function of the job she held; nor has she identified a position that was vacant on August 1, 2001 that she could have performed.  Town Fair Tire therefore is entitled to judgment on Ms. Balonze's claims of failure of reasonable accommodation.

IV.  **MS. BALONZE'S DISCHARGE WAS NOT DISCRIMINATORY**

In her Local Rule 56(a)(2) Statement, Ms. Balonze quotes selectively from Dr. Arons' Progress Note of August 20, 2001, apparently attempting to suggest that Town Fair knew or should have known that she was capable of *some* keyboarding.  Indeed, she says falsely that "Dr. Arons never stated that the Plaintiff could not do ANY keyboarding."  Plaintiff's Local Rule 56(a)(2) Statement, ¶ 22.  It is undisputed, however, that Dr. Arons' note of August 20, 2001, *permanently* restricted Ms. Balonze from "Regular Full Duty Work at Town Fair" and limited her to "Modified Duty – 2 hands – Non repetitive – NO Keying."  Balonze Dep. Exh. 18.  Town Fair was certainly entitled to rely on the word of plaintiff's treating physician with respect to her physical limitations.  The position she had held before February 2001 no longer existed, and in any event it required some keyboarding.  She was incapable of performing the job she had held since February, 2001.  The company had no obligation to create a new position for the plaintiff.  Unless the company had, as of August 27, 2001, a vacant position for which she was qualified and which she could perform, her discharge at that point could not be considered discriminatory.

Ms. Balonze has identified 3 positions she claims were available and that she could have performed.  Plaintiff's Local Rule 56(a)(2) Statement, ¶20.  One of those positions was a part-time job previously held by a high school student, Evan Shorkey, who worked afternoons after school during the school year, and worked longer hours in the summer.  His position involved lifting heavy bags of garbage and other lifting, which Ms. Balonze now says she cannot do.  It also

6

involved some keyboarding, which Dr. Arons said she could not do.  When Mr. Shorkey left for college in August 2001, his position was filled by another high school student who worked between 6 and 12 hours per week, after school, and who continued to perform tasks involving both heavy lifting and keyboarding. *See* Supplemental Affidavit of Kathryn Tutino, submitted herewith.

Plaintiff concedes that both of the other two positions she has identified as open required "limited keying."  Plaintiff's Memorandum of Law at 14.  Since Town Fair had been informed by Dr. Arons that she could do "NO Keying," and since she admits that she did not inform Town Fair otherwise, Plaintiff's Rule 56(a)(2) Statement, ¶24, there is no basis to conclude that Town Fair discriminated against her when it discharged her.

## V.  PLAINTIFF CANNOT ESTABLISH HER HOSTILE ENVIRONMENT CLAIM

Plaintiff's hostile environment claim is based entirely on her own testimony that her supervisor called her names.  She has offered no corroboration whatsoever that this occurred.  Although she claims to have tape recorded the alleged harassment (Balonze Affidavit ¶7), the court has ordered her to disclose any such tape recordings (Order dated May 21, 2004), and she has not done so.  This failure of compliance alone would be a sufficient basis to dismiss her hostile environment claim.

In any event, she has not shown that the workplace was "permeated with discriminatory conduct that is sufficiently severe or pervasive to alter the conditions of [her] employment."  *Silk v. City of Chicago*, 194 F.3d 788, 804 (7th

Cir. 1999) (assuming availability of ADA hostile environment claim and applying approach from sexual harassment cases).  She has not shown that the alleged harassment culminated in any "tangible employment action."  (Plaintiff has neither alleged not presented any evidence that the alleged harasser, Ms. DaCorte, had any involvement in the discharge decision.)  She has not adequately explained her failure to complain of the harassment to anyone other than the alleged harasser.  The company had a policy prohibiting discriminatory harassment.  Balonze Dep. Exh. 1; Supplemental Affidavit of Kathryn Tutino.  Although she states that she did not complain to the Vice President of Operations, Michael Barbaro, because he is Ms. DaCorte's brother, Plaintiff's Local Rule 56(a)(2) Statement, ¶27, she could have complained to Ms. Tutino or to Neil Mellen, the President of the company, but she did not do so.

Her claim that Kathy Tutino "humiliated" her by responding to a subpoena from her ex-husband, Local Rule 56(a)(2) Statement ¶28, merits no consideration.

## VI.   PLAINTIFF'S SEX DISCRIMINATION CLAIM IS UNSUPPORTED

Plaintiff has submitted no evidence whatsoever to support her claim that Town Fair Tire treated men with limitations caused by workplace injuries better than women with such limitations.  The Affidavit of John Paxton Jr. status in substance that on one occasion after an injury he was assigned light duty without any reduction in hours or pay, and on another he was assigned light duty but his pay was reduced.  That is entirely consistent with Town Fair's policy of offering

8

light duty work to injured employees when available, and compensating such employees in accordance with the responsibilities of the light duty positions they occupy.  Ms. Balonze has not pointed to a single instance in which this policy was not followed, for an employee of either gender.  There is no basis here for a claim of sex discrimination.

## Conclusion

The plaintiff seems to feel that when her finger condition made it impossible for her to do the job she had, it was Town Fair's obligation, regardless of its business needs, to create for her a position she could perform, the hours of which were to be established for her convenience, and which involved no reduction in pay.  That is not what the law required, however.  For this reason, and for all of the reasons set forth above and in Town Fair Tire's Memorandum of Law in Support of Its Motion for Summary Judgment, the Court should enter judgment in favor of the defendant on all of plaintiff's claims.

Respectfully submitted,

_____/s/
Jonathan B. Orleans (ct05440)

Zeldes, Needle & Cooper, P.C.
1000 Lafayette Blvd., Suite 500
Bridgeport, CT  06604
Tel. (203) 333-9441
Fax: (203) 333-1489
e-mail: jorleans@znclaw.com

Attorney for Defendants Town Fair Tire Centers, Inc., Kathryn L. Tutino, and Andrea DaCorte

**CERTIFICATION**

This is to certify that a copy of the foregoing has been sent via first class U.S. Mail, postage prepaid, on this date, to:

> Mickell Balonze
> 601 Longfellow Drive
> Branford, CT 06405

Dated at Bridgeport, Connecticut on this 6th day of July, 2004.


                                                      /s/
                                    Jonathan B. Orleans