UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **MICKELL BALONZE,** | : | 02cv2247 (WWE) |
|     **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **TOWN FAIR TIRE CENTERS, INC.,** | : | |
|     **Defendant.** | : | |

### ORDER OF RECONSIDERATION

On March 31, 2005, this Court granted defendant's motion for summary judgment as to all counts of plaintiff's complaint. Upon review of this ruling, the Court finds that it did not adequately take into account the standard of review where a plaintiff is proceeding pro se. Accordingly, the Court sua sponte reconsiders its ruling on the motion for summary judgment, and will vacate its ruling in part.

Where one party is proceeding pro se, the court reads the pro se party's papers liberally and interprets them to raise the strongest arguments suggested therein. See Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). Despite this liberal interpretation, however, a "bald assertion," unsupported by evidence, cannot overcome a properly supported motion for summary judgment. Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991).

Upon reconsideration, the Court will vacate its decision as to the claim of disability discrimination and hostile environment in violation of the Americans with Disabilities Act. Whether plaintiff's impairment substantially limits her in the major life

activity of performing manual tasks presents a question of fact that is appropriate for a jury to resolve.  Similarly, the Court finds that plaintiff's evidence of hostile environment based on her disability raises sufficient inferences of fact for the jury to consider whether a hostile environment existed.

## CONCLUSION

Accordingly, upon reconsideration, the Court hereby VACATES that part of its ruling granting summary judgment on 1) plaintiff's discrimination claim based on her impairment that allegedly substantially limited her in the major life activity of performing manual tasks, and 2) plaintiff's alleged disability-based hostile environment claim.  The Court adheres to its previous decision relative to the claims of gender discrimination, gender-based hostile environment, and worker's compensation retaliation.

The clerk is instructed to reopen this case.

The Court will schedule a pre-trial conference.


SO ORDERED this 12th day of April, 2005, at Bridgeport, Connecticut.

_____/s/_____
WARREN W. EGINTON, SENIOR U.S. DISTRICT JUDGE