UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICKELL B. BALONZE : | |
| : | |
| V. : | NO. 3:02CV02247 (WWE) |
| : | |
| TOWN FAIR TIRE CENTERS, INC. : | |
| : | August 3, 2005 |

### DEFENDANT'S MEMORANDUM IN OPPOSITION TO MOTION TO COMPEL

Defendant Town Fair Tire Centers, Inc. ("Town Fair"), by its counsel, hereby submits this memorandum in opposition to Plaintiff's Motion to Compel, dated July 12, 2005. Defendant opposes this motion on two grounds. First, plaintiff has completely ignored her obligations pursuant to Fed.R.Civ.P. 37(a)(2)(a)(requiring her to certify that she had "in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action"), and L.Civ.R. 37(a)(2), which mandates that, prior to making any such motion, she "confer[ ] with opposing counsel and discuss[ ] the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution." Plaintiff took neither of these steps, thus depriving defendant's counsel of the opportunity to attempt to resolve this issue prior to its being presented to the court.

In addition, plaintiff's motion disregards the fact that, under the existing circumstances of this case, her very standing to pursue her claims is in question. As set forth in full in Defendant's Motion to Stay, and the memorandum of law filed in support, both filed this date, events unfolding in plaintiff's bankruptcy case have called into doubt whether plaintiff on one hand, or the bankruptcy Trustee on the other, has the right to proceed with the claims in this case. *See* Memorandum of Law in Support of Defendant's Motion to Stay ("Memo"). Defendant hereby incorporates the factual

statements and legal arguments set forth in its Memo. In sum, it appears that the plaintiff, in her role as debtor in the bankruptcy case, was not forthcoming with the Trustee concerning the value of the claims she made in this case ("Federal Claims"), which were listed as an asset on Schedule B to her bankruptcy petition. Under such circumstances, the Trustee's filing of a Report of No Distribution in the Bankruptcy Court, of which this Court is aware, may well not have effected, as plaintiff argues, an irrevocable abandonment of the Federal Claims to her. See, e.g., In re Shelton, 201 B.R. 147, 155 (E.D.Va. 1996)(where court "concerned that [the trustee] may not have been afforded the ability to make an informed decision with respect to administering the [property]" due to discrepancies in the debtor's schedules concerning the value of the property, revocation of abandonment appropriate); In re Wick v. Wick, 249 B.R. 900, 914 (D.Minn. 2000)("rebuttable presumption" of abandonment resulting from closure of case does not apply where debtor provided Trustee "with false and/or incomplete information" about the property). To the extent such an irrevocable abandonment did *not* occur, as Town Fair and the bankruptcy Trustee contend it did not, the Trustee will be able to seek the Bankruptcy Court's approval of a settlement agreement already reached with Town Fair. If that settlement were consummated, both plaintiff and her creditors would benefit.

     Under these circumstances, a stay of all proceedings in this court is appropriate pending resolution of plaintiff's standing through proceedings in Bankruptcy Court. *See* Memo. An order compelling defendant to expend the time and resources needed to disclose an expert witness, and effectively imposing costly ensuing discovery on both parties, would fly in the face of the sound principles favoring a stay: the promotion of judicial economy, conservation of the litigants' resources, and avoidance of inconsistent

rulings in this Court and the Bankruptcy Court.  *Id.*  The prejudice to defendant inherent in such an order would be significant.  By contrast, the prejudice to plaintiff were a stay to be granted would be negligible, if any.[1]

For all of these reasons, defendant respectfully requests that plaintiff's motion to compel be denied.

                            Respectfully submitted,

                            _____
                            Jonathan B. Orleans (ct05440)
                            Sarah W. Poston (ct19702)
                                  Zeldes, Needle & Cooper, P.C.
                                  1000 Lafayette Blvd., Suite 500
                                  Bridgeport, CT  06604
                                  Tel. (203) 333-9441
                                  Fax: (203) 333-1489
                                  e-mail: sposton@znclaw.com

                            Attorney for Defendant Town Fair Tire Centers, Inc.

---

[1] Several statements made by plaintiff in support of her motion to compel suggesting that she has already suffered prejudice are simply untrue.  Specifically, while the undersigned did mention during the May 20, 2005 status conference that defendant would need time to disclose an expert witness, Plaintiff's Motion to Compel ("Pl. Mot.") at ¶1, this Court had permitted such additional time long before, when, in February 2004, it granted defendant's motion to postpone its disclosure of expert witness(es) until after a ruling on its summary judgment motion.  Plaintiff's statement that "this case has been ongoing since December 2001," furthermore, Pl. Mot. at ¶3, is inaccurate: the case was filed in December 2002.  Finally, defendant vigorously denies plaintiff's contentions that it "ignored" this Court's order to disclose an expert witness, and that the undersigned "purposefully misrepresented her intentions to this court."  Pl. Mot. at ¶¶ 2, 4.  On the contrary, it was with full awareness of this Court's request for prompt disclosure of expert witnesses, that all efforts have been made to resolve the question of plaintiff's standing in the Bankruptcy Court so as to avoid discovery in this case that would be time consuming, expensive and, quite possibly, pointless.  Inasmuch as those efforts toward resolution have not yet borne fruit, defendant has respectfully now moved for a stay.

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent via first class U.S. Mail, postage prepaid, on this date, to:

> Mickell Balonze
> 601 Longfellow Drive
> Branford, CT 06405

Dated at Bridgeport, Connecticut on this 3d day of August, 2005.

_____
Sarah W. Poston