UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICKELL B. BALONZE | : |
| | : |
| V. | : NO. 3:02CV02247 (WWE) |
| | : |
| TOWN FAIR TIRE CENTERS, INC. | : |
| | : August 3, 2005 |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO STAY

### I. Introduction

This is an employment discrimination case brought under the Americans With Disabilities Act and Title VII of the Civil Rights Act of 1964, in which summary judgment was recently granted as to all claims, and subsequently reconsidered and denied only as to plaintiff's claims under the Americans With Disabilities Act. Subsequent to commencing this action, plaintiff Mickell Balonze, along with her husband, filed a joint petition in the United States Bankruptcy Court (the "Petition") seeking relief under Chapter 7 of the Bankruptcy Code. Resulting proceedings have called into serious question Ms. Balonze's standing to pursue her claims in this case, and it is on that basis that defendant now moves to stay this action pending resolution of that question.

### II. Proceedings Necessitating Stay

The occurrence of the following events support Defendant's motion for a stay of these proceedings:

1. On December 19, 2002, plaintiff commenced this action. As of December 2003, plaintiff had asserted, in her written damages analysis provided

to defendant and to this Court, that her damages for the violations she claimed in this action were $300,000.

2. On November 24, 2004, while this action was still pending, plaintiff and her husband filed the Petition, initiating In re: Mickell B. Balonze and Michael P. Balonze, Case No. 04-35459lmw ("Bankruptcy Case"). Plaintiff listed on her Schedule B,[1] among other personal property, her claims against Town Fair in this case ("Federal Claims"). She valued those claims not at $300,000, but at $4,399.06, or $1.00.[2] Under the bankruptcy law, the filing of a case under chapter 7 triggers the appointment of a chapter 7 Trustee who is obligated, *inter alia*, to determine if a debtor has any assets from which creditors' claims can be paid.

3. Subsequent to the filing of the Bankruptcy Case, the Trustee initiated negotiations with defendant Town Fair to resolve the Federal Claims, ownership of which, under bankruptcy law, resided with the Trustee. Subject to Bankruptcy Court approval, the Trustee and defendant agreed to resolve the Federal Claims, without any admission of liability by defendant ("Proposed Settlement").[3]

4. On May 19, 2005, the Trustee, having never been advised by the plaintiff of the $300,000 demand she made in this case some eleven months before filing the Petition, filed a Report of No Distribution in the Bankruptcy Case, and the Bankruptcy Case closed as of May 24, 2005.

---

[1] Schedule B of a bankruptcy petition requires debtors to list their personal property and its value.
[2] Lack of clarity in plaintiff's Schedule B makes it impossible to determine which value she intended to assign to these claims.
[3] Town Fair continues to deny any liability to plaintiff.

5.  On June 6, 2005, the Trustee filed a Motion to Reopen Case in order to reopen the Bankruptcy Case so as to pursue a consummation of the Proposed Settlement. Through such a consummation, the Trustee would be able to administer the assets from the Proposed Settlement to benefit not only the plaintiff.[4]

6.  On July 13, 2005, the Bankruptcy Court held a hearing on the Trustee's motion, at which Ms. Balonze, the Trustee, and counsel for Town Fair appeared. At the hearing, the Trustee represented to the Bankruptcy Court that the information that had recently come to his attention cast doubt on the value of ascribed by plaintiff to the Federal Claims in her bankruptcy schedules. He stated that he had filed his Report of No Distribution prematurely. Ms. Balonze argued that the Trustee's filing of the Report of No Distribution had effected an irrevocable abandonment of the Federal Claims.

7.  On July 14, 2005, the Bankruptcy Court granted the Trustee's motion to reopen, finding that "there is at least some likelihood that the Trustee may be able to administer assets for the benefit of the estate." Order Reopening Chapter 7 Case (copy attached hereto as Exhibit A). The Bankruptcy Court reopened the case without prejudice to the parties' respective rights as to the underlying issue: the effect of the Trustee's Report of No Distribution on Ms. Balonze's right to pursue the Federal Claims.

### III. Argument

As a result of the Bankruptcy Court's order, Ms. Balonze's standing to pursue the Federal Claims has been placed directly in question. Whether the

---

[4] Under the Proposed Settlement, Plaintiff would receive a portion of the sum paid by defendant.

Trustee irrevocably abandoned the Federal Claims by virtue of his filing his Report of No Distribution is disputed. This is a substantial unresolved issue in this context, in which it appears the plaintiff, in her role as Debtor, was not fully forthcoming with the Trustee as to the value of the Federal Claims. See, e.g., In re Shelton, 201 B.R. 147, 155 (E.D.Va. 1996)(where court "concerned that [the trustee] may not have been afforded the ability to make an informed decision with respect to administering the [property]" due to discrepancies in the debtor's schedules concerning the value of the property, found revocation of abandonment appropriate); In re Wick v. Wick, 249 B.R. 900, 914 (D.Minn. 2000)("rebuttable presumption" of abandonment resulting from closure of case does not apply where debtor provided Trustee "with false and/or incomplete information" about the property). Until and unless the Bankruptcy Court determines that abandonment of the Federal Claims is irrevocable, the Trustee will be the only party with the right to pursue the claims. See 11 U.S.C. § 541(a)(1)(debtor's interest in property becomes property of the estate as of the commencement of a bankruptcy case); 11 U.S.C. § 704(trustee is obligated to "reduce to money the property of the estate. . .").

Pursuit by plaintiff of the Federal Claims in this Court at this time under these circumstances would be improper. See Shearson Lehman Hutton, Inc. v. Wagoner, 944 F.2d 114, 117 (2d Cir. 1991)("[s]tanding . . . is a threshold issue in all cases since putative plaintiffs lacking standing are not entitled to have their claims litigated in federal court."). The prompt reopening of the Bankruptcy Case ensures that this issue will be resolved as quickly as possible with no prejudice to

plaintiff in the process. Defendant, on the other hand, would be prejudiced by having to assume the financial burdens and expense of defending this action while the plaintiff's ownership of the Federal Claims is in question. Moreover, sound principles of judicial economy militate in favor of a stay – this Court's docket should not be burdened by proceedings which may become moot depending upon the Bankruptcy Court's disposition of the Trustee's attempt to consummate the Proposed Settlement. Finally, all efforts should be expended to avoid the possibility of inconsistent results in this Court and the Bankruptcy Court.

### IV. Conclusion

For all of these reasons, defendant Town Fair Tire Centers, Inc. respectfully moves for an order staying this action pending the determination in Bankruptcy Court as to whether Ms. Balonze has standing to pursue it.

Respectfully submitted,

_____
Jonathan B. Orleans (ct05440)
Sarah W. Poston (ct19702)
    Zeldes, Needle & Cooper, P.C.
    1000 Lafayette Blvd., Suite 500
    Bridgeport, CT 06604
    Tel. (203) 333-9441
    Fax: (203) 333-1489
    e-mail: sposton@znclaw.com

Attorney for Defendant Town Fair Tire Centers, Inc.

EXHIBIT A

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

------------------------------------
                                    )
                                    )   CASE NO.      04-35459 (LMW)
                                    )
MICHAEL P. BALONZE and              )   CHAPTER       7
MICKELL B. BALONZE,                 )
                                    )   DOC. I.D. NO. 9
            DEBTORS.                )
------------------------------------

### ORDER REOPENING CHAPTER 7 CASE

**WHEREAS**, the above-captioned debtors (the "Joint Debtors") commenced the above-captioned bankruptcy case by the filing of a chapter 7 petition;

**WHEREAS**, the Joint Debtors scheduled a certain "[f]ederal [d]iscrimination case" (the "Federal Action") as personal property of the bankruptcy estate (*see* Doc. I.D. No. 2, Voluntary Petition, Schedule B. Personal Property, item #19);

**WHEREAS**, subsequently, the Debtors received their chapter 7 discharge (Doc. I.D. No. 5), the now former chapter 7 trustee (the "Trustee") filed that certain Report of No Distribution (Doc. I.D. No. 7) and the bankruptcy case closed on May 24, 2005;

**WHEREAS**, on June 6, 2005, the Trustee filed that certain Motion To Reopen Case (Doc. I.D. No. 9, the "Motion") seeking to reopen this case in order to settle the Federal Action and administer any funds received as property of the estate;[1]

**WHEREAS**, a hearing (the "Hearing") on the Motion was held on July 13, 2005, at which Hearing the Trustee, the Debtor (appearing without counsel) and counsel for Town Fair appeared;

---

[1] The Federal Action appears to be a wrongful termination action commenced by female debtor (the "Debtor"), Mickell Balonze, against Town Fair Tire Centers, Inc. ("Town Fair"). Counsel for Town Fair filed a statement in support of the Motion (*see* Doc. I.D. No. 13).

075884

**WHEREAS**, at the Hearing, the Debtor orally objected to the Motion on the grounds that the Federal Action effectively was abandoned pursuant to 11 U.S.C. § 554 when the bankruptcy case was closed and such abandonment may not be rescinded by the Trustee (the "Abandonment Argument");

**WHEREAS**, at the Hearing, the Trustee and counsel for Town Fair waived any argument that reopening this case would automatically rescind any abandonment of assets of the bankruptcy estate. *Cf. In re Boland*, 275 B.R. 675, 678 n.5 (Bankr. D. Conn. 2002) (noting but not deciding the automatic rescission of abandonment issue);

**WHEREAS**, because there is at least some likelihood that the Trustee may be able to administer assets for the benefit of the estate, the court determines that "cause" exists to reopen the case within the purview of 11 U.S.C. § 350(b);

**NOW, THEREFORE**, it is hereby **ORDERED** that the Motion is granted and the case is **REOPENED**; and it is further

**ORDERED** that the United States Trustee shall appoint a chapter 7 trustee herein; and it is further

**ORDERED** that the reopening of the case is without prejudice to the Debtor's right to assert the Abandonment Argument in subsequent proceedings in the reopened case; and it is further

**ORDERED** that the Clerk's Office shall serve a copy of this order upon the Debtors, their counsel, the Trustee, counsel for Town Fair, the United States Trustee and all creditors and parties in interest.

BY THE COURT

DATED: July 14, 2005

Lorraine Murphy Weil
United States Bankruptcy Judge

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent via first class U.S. Mail, postage prepaid, on this date, to:

        Mickell Balonze
        601 Longfellow Drive
        Branford, CT 06405

Dated at Bridgeport, Connecticut on this 3d day of August, 2005.

_____