UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**FILED**

MICKELL B. BALONZE           :
                             :     NO. 3:02CV02247 (WWE)   2005 AUG 15 P 12: 45
V.                           :
                             :     U.S. DISTRICT COURT
TOWN FAIR TIRE CENTERS, INC. :     BRIDGEPORT, CONN
                             :     August 12, 2005

### PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO STAY

The Plaintiff, Mickell B. Balonze, hereby states her objection to the defendant's Motion to Stay and responds as follows;

1. Plaintiff admits.

2. Plaintiff admits in part as stated. The plaintiff contends that the federal employment discrimination case was properly listed on her Schedule B. The plaintiff's $300,000. demand could not be listed as the value because that figure is a demand figure only. The plaintiff could not lawfully list a speculative amount as an actual value. The $4399.06 amount is the remaining allowable exemption amount that the plaintiff (as the debtor) could properly schedule under the federal bankruptcy laws.

3. Plaintiff denies. The trustee, Ronald I. Chorches, has clearly stated in his Motion to Reopen (a copy of which was previously submitted to this court on June 10, 2005), that the defendant's counsel initiated the settlement offer and the reopening of the bankruptcy case after the bankruptcy case had been closed and the abandonment of the asset had lawfully occurred. At that time the ownership of the federal employment discrimination action was appropriately surrendered back to the plaintiff by the trustee through operation of law. Sarah Poston acknowledged the same when she submitted a Statement by a Party in Interest to the Bankruptcy Court on June 14, 2005 (a copy of which was also previously submitted to this court on June 14, 2005). If in fact the ownership resided with the trustee as Ms. Poston claims, the current proceedings in the Bankruptcy

Court to determine if the trustee has a right to reassert a claim would not be necessary. Ms. Poston has changed the sequence of events in order to accommodate her argument to this court and her intentional efforts to present false information to this court raises serious questions about the credibility of any statement she makes.

4.   Plaintiff denies. Sarah Poston was not in attendance during the 341 meeting that occurred, nor was she privy to conversations that took place and/or information that was exchanged via the plaintiff and the trustee or the trustee and the plaintiffs counsel (in those proceedings). Ms. Poston's submissions of conjecture as a legal argument speaks for itself.

5.   Plaintiff denies as stated. The core questions in the action before this court involve non monetary issues that the bankruptcy court lacks the authority to adjudicate. The plaintiff disputes that the proposed settlement would benefit any party other than the defendants.

6.   Plaintiff denies as stated.

7.   Plaintiff admits. On July 14, 2005 the Bankruptcy Court granted the trustees Motion to Reopen. The reopening of the case however does not automatically rescind the abandonment and during that meeting both the trustee and the defendant's counsel waived their right to that argument. The trustee's right to reassert a claim of ownership has yet to be argued and decided, unless and until that occurs, the plaintiff retains ownership of the federal employment discrimination case and the right to proceed with that action before this court.

## ARGUMENT

The plaintiff filed a petition for discharge with the Bankruptcy Court two years after initiating the employment discrimination action. The plaintiff's bankruptcy petition was a direct result of her loss of income due to her wrongful termination and her inability to appropriately mitigate that loss despite her best efforts. The plaintiff properly disclosed and schedule the federal employment discrimination action and contrary to Ms. Poston's claims that the plaintiff withheld or intentionally presented false information to the Bankruptcy Court, she offers no factually based

evidence to support those allegations. The trustee had knowledge of the plaintiff's claim and by his own admission after consulting independent counsel he decided to abandon the ownership of that claim back to the plaintiff. The plaintiff's standing to pursue that claim is not in question, rather the trustee's right to reassert a claim has been raised as an issue at the initiative of the defendants in order to avoid the risk of an unfavorable jury verdict.

The plaintiff filed a Motion to Reconsider with the Bankruptcy court on July 20, 2005 and is currently waiting for the courts decision on that motion. The plaintiff contends that at this time she has a right to proceed with the action before this court, that this court offers the appropriate remedy and has the appropriate authority to proceed, and respectfully requests that the defendant's Motion to Stay be denied.

Respectfully submitted,

Mickell B. Balonze, Pro Se
601 Longfellow Drive
Branford, CT 06405
(203)-488-1981

## CERTIFICATION OF MAILING

I hereby certify that a copy of the foregoing has been sent via U.S. Mail, first class, postage prepaid on this 12 day of August 2005 to the following:

        Zeldes, Needle & Cooper
        Attn: Sarah Poston
        1000 Lafayette Blvd, Suite 500
        Bridgeport, CT 06601

Mickell B. Balonze, Pro Se
601 Longfellow Drive
Branford, CT 06405
(203) 488-1981