UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICKELL B. BALONZE | : |
| | : |
| V. | : NO. 3:02CV02247 (WWE) |
| | : |
| TOWN FAIR TIRE CENTERS, INC. | : |
| | : September 2, 2005 |

### REPLY IN SUPPORT OF DEFENDANT'S MOTION TO STAY

Plaintiff's Objection to Defendant's Motion to Stay ("Objection") includes numerous factual, procedural and legal inaccuracies, the most significant of which defendant Town Fair Tire Centers, Inc. ("Town Fair") will address below. In addition to these inaccuracies, however, plaintiff's Objection attempts to argue before this Court issues that must properly be resolved by the Bankruptcy Court. Indeed, it is the very need for such resolution that necessitated defendant's Motion to Stay in the first place.

First, plaintiff seems to argue that she was limited by "the federal bankruptcy laws" in the value she could assign to her claim against Town Fair in her bankruptcy schedules. Objection at 1. Nothing could be farther from the truth. Bankruptcy Rule 1007(b)(1) requires that schedules be "prepared as prescribed by the appropriate Official Forms." The Official Form for a personal property schedule ("Schedule B"), in turn, requires that the "Current Market Value of Debtor's Interest in Property without Deducting any Secured Claim or Exemption" be provided as to each item of personal property. Plaintiff made a declaration, under penalty of perjury, at page two of her Voluntary Petition, "that the information provided in this petition is true and correct." It is defendant's

1

position that the plaintiff's statements, omissions and actions in her bankruptcy proceedings deprived the Trustee from making an informed decision about the value of those claims.[1]

Plaintiff has also misconstrued the issue of the Trustee's ownership of plaintiff's claims in this case. Objection at 1-2. The salient questions concerning plaintiff's right to proceed with her remaining claim in this case are: 1) whether the Trustee had the right to negotiate a settlement of plaintiff's claims with Town Fair when he did – which defendant asserts unequivocally that he did;[2] and 2) whether, now that the bankruptcy case was closed administratively following the Trustee's filing of a Report of No Distribution, the Bankruptcy Court will return ownership of the claims to him to bring that settlement to fruition for the benefit of plaintiff, defendant and plaintiff's creditors.[3]

Plaintiff's continued *ad hominem* attacks on defendant's counsel, *see* Objection at (unnumbered page) 2, are unwarranted, and entirely without merit.

---

[1] The fact that plaintiff's Schedule B purports to list the value of *all* claims asserted by plaintiff against defendant, while only *one* of those claims remained viable as of the time the Trustee completed his evaluation of the value of that asset – due to this Court's ruling granting defendant's motion for summary judgment in part -- further contributes to the confusion under which the Trustee labored.

[2] Plaintiff asserts that Town Fair's counsel "acknowledged" the initiation of negotiations with the Trustee following the closure of the Bankruptcy Case on May 24, 2005. Counsel did nothing of the sort. Indeed, Town Fair's statement to the contrary in its Motion to Stay was preceded by counsel's statement to this Court at the status conference on May 20, 2005, *in the presence of the plaintiff*, that negotiations with the Trustee had begun, and progressed by that date, prior to the closure of the Bankruptcy Case. *See also* Statement by Party in Interest Town Fair Tire Centers, Inc. in Support of Trustee's Motion to Reopen Case, a copy of which is attached hereto at Tab 1, at 2.

[3] Plaintiff's statement that "the proposed settlement would benefit [no] party other than the defendants," Objection at (unnumbered page) 2 reflects her misunderstanding about the ramifications of the Bankruptcy Court's approval of the proposed settlement. If approved, the Proposed Settlement would result in a payment to plaintiff, in the amount of her statutory exemption, and a distribution to her creditors.

Finally, even if plaintiff had acknowledged the truth of all of the factual assertions set forth in Defendant's Motion to Stay, her attempt to argue the implications of these facts to this Court, Objection at (unnumbered pages) 2-3, is entirely inappropriate. It is the Bankruptcy Court that is properly situated to resolve the plaintiff's standing to pursue her claims in this case. *See* Defendant's Motion to Stay at 3-5. Defendant respectfully requests, therefore, that this action be stayed pending resolution of that issue.

        Respectfully submitted,

        /s/ Sarah W. Poston
        Jonathan B. Orleans (ct05440)
        Sarah W. Poston (ct19702)
            Zeldes, Needle & Cooper, P.C.
            1000 Lafayette Blvd., Suite 500
            Bridgeport, CT  06604
            Tel. (203) 333-9441
            Fax: (203) 333-1489
            e-mail: sposton@znclaw.com

Attorney for Defendant Town Fair Tire Centers, Inc.

**CERTIFICATION**

This is to certify that a copy of the foregoing has been sent via first class U.S. Mail, postage prepaid, on this date, to:

>Mickell Balonze
>601 Longfellow Drive
>Branford, CT 06405

Dated at Bridgeport, Connecticut on this 2d day of September, 2005.

_____
Sarah W. Poston